# In re S-M-, Respondent

*Decided May 20, 1998*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

An alien who claimed that his failure to appear at his deportation hearing resulted from an "illegible hearing date" on the Order to Show Cause and Notice of Hearing (Form I-221) failed to establish by sufficient evidence that he received inadequate notice of the hearing under section 242B(c)(3)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1252b(c)(3)(B)(1994), or that his absence was the result of exceptional circumstances under section 242B(c)(3)(A) of the Act.

Samuel A. Amukele, Esquire, New York, New York, for respondent

Before:    Board En Banc: SCHMIDT, Chairman; DUNNE, Vice Chairman; VACCA, HEIL-MAN, HOLMES, HURWITZ, VILLAGELIU, FILPPU, COLE, MATHON, GUENDELS-BERGER, and JONES, Board Members Dissenting Opinion: ROSENBERG, Board Member.

HURWITZ, Board Member:

In a decision dated December 12, 1996, an Immigration Judge denied the respondent's motion to reopen the deportation proceedings. The respondent has appealed that decision. The appeal will be dismissed.

The respondent, a native and citizen of the Gambia, entered the United States as a temporary visitor for business on July 6, 1988, and subsequently overstayed his visa On March 15, 1996, the Immigration and Naturalization Service personally served the respondent with an Order to Show Cause and Notice of Hearing (Form I-221), charging him with deportability pursuant to section 241(a)(1)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(1)(B)(1994), for having remained in this country without authorization following the expiration of his nonimmigrant visa.

On July 3, 1996, the respondent was scheduled to appear for a deportation hearing before an Immigration Judge. At that time, he failed to appear Consequently, the Immigration Judge conducted the hearing in absentia, as there was no reason evident for the respondent's absence. *See* section 242B of the Act, 8 U.S.C. § 1252b (1994). In a decision dated July 8, 1996, the Immigration Judge found the respondent deportable as charged, concluded

49

that he had abandoned any potential applications for relief, and ordered him deported from the United States.

On August 6, 1996, the respondent filed a motion to reopen before the Immigration Judge. *See generally Matter of Gonzalez-Lopez*, 20 I&N Dec. 644 (BIA 1993). In a sworn affidavit submitted in conjunction with the motion, the respondent attested that he failed to appear for his scheduled hearing because he misinterpreted the hearing date that was handwritten on page 3 of the Order to Show Cause According to the respondent, he "saw the date on his Order to Show Cause and Notice of Hearing which date seemed to him to be July 9, 1996," rather than July 3, 1996. The Immigration Judge denied the motion to reopen, asserting that the hearing date written on the Order to Show Cause is "by no means illegible," that the document is "in the respondent's native language, English," and that the respondent therefore failed to establish "exceptional circumstances" for his absence. The respondent subsequently filed this appeal.

On appeal, the respondent asserts that when the Order to Show Cause was served on him on March 21, 1996, the asylum officer failed to explain the contents of the document to him, as is required under 8 C.F.R. § 242.1(c) (1996). He asserts further that he is from the non-English-speaking part of Gambia, that his native language is Maraka, and that he writes in Arabic. Thus, he argues that his due process right to proper notice was violated by the Service, that the Immigration Judge erred in stating that his native language is English, and that the proceedings should be reopened to provide him another opportunity to answer the charges that have been filed against him. The Service has submitted no response to the respondent's arguments on appeal.

An order issued following proceedings conducted in absentia pursuant to section 242B(c) of the Act may be rescinded only upon a motion to reopen which demonstrates that the alien failed to appear because of exceptional circumstances, because he did not receive proper notice of the hearing, or because he was in Federal or State custody and failed to appear through no fault of his own Sections 242B(c)(3)(A), (B) of the Act; *see also Matter of Gonzalez-Lopez*, *supra.* The term "exceptional circumstances" refers to exceptional circumstances beyond the control of the alien, such as serious illness of the alien or death of an immediate relative, but not including less compelling circumstances. Section 242B(f)(2) of the Act. In determining whether exceptional circumstances exist to excuse an alien's failure to appear, the "totality of circumstances" pertaining to the alien's case must be considered *Matter of W-F-*, 21 I&N Dec. 503, at 509 (BIA 1996).

Upon review of the record, we concur with the Immigration Judge's determination that the respondent has not provided sufficient grounds for reopening these proceedings. Initially, we note that the respondent offered differing explanations in his motion to reopen concerning why he failed to

appear. He stated in the motion, through counsel, that the absence was due to an "illegible hearing date." In his accompanying affidavit, the respondent attested that the date he observed on the notice of hearing "seemed to him to be July 9, 1996." It is not clear, therefore, whether the respondent's argument was that he simply misread the date, or that he found it unreadable. Whichever explanation he sought to advance, however, we agree with the Immigration Judge that the scheduled hearing date written on the Order to Show Cause — July 3, 1996 — is by no means illegible. We conclude that the respondent failed to establish that the notice he received was somehow improper.

Furthermore, the respondent's explanation for failing to appear changes on appeal. In his Notice of Appeal, the respondent, through counsel, asserts that his absence resulted from the Service's noncompliance with 8 C.F.R. § 242.1(c), which provides that upon personally serving an alien with an Order to Show Cause, a Service officer is required to explain the contents of the document to the alien. The respondent also asserts, for the first time, that he does not speak or understand English. The new arguments presented on appeal are not supported by an affidavit or sworn statement by the respondent himself.

We note initially that statements in a brief, motion, or Notice of Appeal are not evidence and thus are not entitled to any evidentiary weight. *INS v. Phinpathya*, 464 U.S. 183, 188-89 n.6 (1984); *Matter of Ramirez-Sanchez*, 17 I&N Dec. 503 (BIA 1980). Thus, the respondent's previously unstated arguments on appeal are not supported by proper evidence. Furthermore, the respondent has offered no evidence, beyond his own assertions, that the Service violated 8 C.F.R. § 242.1(c). The mere fact that, upon personal service, the entire Order to Show Cause was not read to the respondent does not mean that it was not explained to him as required.[1] Finally, with respect to the respondent's argument that he was unable to read or understand the Order to Show Cause, we note that both his motion to the Immigration Judge and its accompanying affidavit were in English. The respondent provided no indication in his motion to reopen that he was unable to read or understand English.[2]

In sum, we find no reason to disturb the Immigration Judge's conclusion that, in his motion to reopen, the respondent failed to establish exceptional circumstances for his failure to appear at the scheduled deportation hearing. Moreover, we do not find sufficient evidence to establish that a reg-

---

[1]There is no statutory or regulatory requirement that an Order to Show Cause be read in its entirety to a respondent.

[2]The argument involving the alleged violation of 8 C.F.R. § 242.1(c) is first presented on appeal and was not raised before the Immigration Judge. Whether or not the claim was properly presented for the first time on appeal, an issue we do not now decide, the claim fails for the reasons stated in our decision.

ulatory violation occurred, which resulted in defective service to the respondent *See* 8 C.F.R. § 242.1(c). Accordingly, the appeal will be dismissed.

**ORDER:** The appeal is dismissed.

Board Members Edward R. Grant and Lori L. Scialabba did not participate in the decision in this case.

*DISSENTING OPINION:* Lory D. Rosenberg, Board Member

I respectfully dissent.

The respondent, who states that he is fleeing persecution in the Gambia, apparently was served in person with an Order To Show Cause and Notice of Hearing (Form I-221) ("OSC"), personally, by an asylum officer.[1] The governing regulatory provisions purport to reflect the purpose of the entire regulatory scheme: to streamline the adjudication of asylum applications and to ensure continuity with deportation procedures in cases where asylum is not granted, including deportation procedures under section 242B of the Immigration and Nationality Act, 8 U.S.C. § 1252b (1994). *See* 8 C.F.R. § 208 *et seq.* (1995). The regulations in effect at the time the OSC was served required, in addition, that when service of the OSC is accomplished personally, the contents of that document are to be explained to the respondent. *See* 8 C.F.R. § 242.1(c) (1996);[2] *see also* 8 C.F.R. § 3.26(b)(1997); 62 Fed. Reg. 10,312, 10,375 (1997) to be codified at 8 C.F.R. § 240.48(a), (c) (1997)(interim effective Apr. 1, 1997) (addressing the obligations of the Immigration Judge to insure notice was provided and to explain the allegations and charges in the OSC).

The respondent asserts on appeal that he was not advised by the Service of the contents of the OSC "in person," as required when an OSC is served personally upon a respondent. He claims that he misunderstood the hearing date on which he was required to appear. He states that his native language is Maraka and that he writes in Arabic. The date on the OSC seemed to him to be illegible — it was written in English numerals as July 3, 1996 — but he read it as July 9, 1996. The cursive writing of the number 3 could easily be taken for an Arabic numeral.

In upholding the conclusion reached by the Immigration Judge, the

---

[1]Recent regulations pertaining to applicants seeking political asylum in the United States specify that requests not affirmatively granted by an Immigration and Naturalization Service asylum officer are to be referred to an Immigration Judge for the commencement of deportation proceedings. 8 C.F.R. § 208.14(b)(2) (1995. These new regulations require the individual to appear in person to receive such a decision 8 C.F.R. §§ 208.9(d), 208.17 (1995).

[2]The January 1, 1995, asylum rules did not supersede 8 C.F.R. § 242.1(c), which provides that one served personally with an order to show cause why he or she should not be deported is to be read and given an oral explanation of the notice.

majority fundamentally misconstrues the thrust of the respondent's contentions. This is actually a notice case It is an appeal from a motion contending that *inadequate notice* was provided the respondent. Section 242B(c)(3)(B) provides that a motion to rescind may be granted at any time if the "alien demonstrates that the alien did not *receive notice* in accordance with subsection (a)(2)" of the Immigration and Nationality Act. In addition, the statute requires oral notice in the "alien's native language" be provided before the respondent is rendered ineligible for asylum, or certain forms of discretionary relief, including suspension of deportation.

The majority makes much of the fact that the respondent stated both that the date was "illegible" and that he did not understand or misread it. Whatever the majority's efforts to make his contentions seem inconsistent, they are not: a number written in a language that was not the respondent's native language and that he did not understand certainly can be described as being "illegible." Moreover, the respondent's contentions that he failed to appear because he did not understand the written date on his OSC and because the Service officer failed to explain it in his native language as required by regulation is not inconsistent. These contentions could not be more consistent or plain if they were shouted from the rooftops or flashed in neon.

In particular, the OSC document indicates on its face that it was *not* explained to the respondent in "the English language." We have held specifically that the contents of the OSC must be explained to the respondent in his native language, as the regulations require, and when that has not been done, that the Immigration Judge must take whatever steps may be necessary — from continuing the case to terminating proceedings — to insure that the respondent is apprised of his responsibilities and opportunities, and has an opportunity to act in accordance with them. *See Matter of Hernandez*, 21 I&N Dec. 224 (BIA 1996).

In *Matter of Hernandez*, we observed that this regulation was mandatory, and that compliance with it was required to satisfy the due process protections associated with deportation hearings. *See* section 242(b) of the Act, 8 U.S.C. § 1252(b)(1994); *see also Maldonado-Perez v. INS*, 865 F.2d 328, 333 (D.C. Cir. 1989) (holding that the Act implements constitutional requirements of a fair hearing). Furthermore, it is the burden of the Service to prove by evidence that is clear, unequivocal, and convincing that notice was provided as required. Section 242B(c)(1) of the Act; *Matter of Hernandez, supra.* There is no evidence in the record that the contents of the OSC were explained to the respondent orally as required; in fact the OSC itself indicates that it was not even read to the respondent in the *English* language Under these circumstances, the Service cannot be said to have met its burden of proof, and the in absentia order determination of deportability issued by the Immigration Judge cannot be valid, as it is not based on reasonable, substantial, or probative evidence. *See* section 242(b)

of the Act; 8 C.F.R. §§ 3.26(a), (b)(2); 62 Fed. Reg. 10,312, 10,375 (1997) (to be codified at 8 C.F.R. § 240.46(a)) (interim, effective Apr. 1, 1997).

Moreover, in addition to providing a mandate for the conduct of Service officials, the regulation also provides a benefit to the respondent — notice of the charges against him and his responsibilities under the statute and regulations. Even without a regulatory mandate, it should be obvious that if the respondent does not read or understand English, failure to read the OSC to an unrepresented respondent in a language he understands prejudices him by foreclosing his opportunity to appear for his hearing and to apply for relief for which he may appear to be prima facie eligible.

Lack of compliance with the terms of section 242B(c) does not require a showing of prejudice, although prejudice certainly results from failure to follow a regulation of benefit to the alien which results in his loss of an opportunity to respond to deportation charges and possibly to apply for discretionary relief. *See Matter of Garcia-Flores*, 17 I&N Dec. 325 (BIA 1980); *see also Waldron v. INS*, 17 F.3d 511 (2d Cir. 1993)(holding that violation of a fundamental right is inherently prejudicial), *cert. denied*, 513 U.S. 1014 (1994). Had the OSC been read to the respondent in his native language, we might have concluded reasonably, that he would have known for certain the date of his hearing, and he should have known that he could be ordered deported despite his absence at the hearing. But that was not done. As it is, the majority sidesteps this regulatory failure and inappropriately attempts to shift the burden to the respondent to establish he has limited abilities communicating in English.

Furthermore, there is no evidence that the Immigration Judge attempted to ameliorate this situation, as we instructed in *Matter of Hernandez, supra*, as an alternative to termination of the proceedings altogether for faulty notice. Indeed, there is no evidence that, in denying the respondent's motion to rescind and reopen, the Immigration Judge even considered the OSC, the regulation, or our decision in *Matter of Hernandez*.[3]

Notice and an opportunity to be heard are the foundations of fair depor-

---

[3]The fundamental fairness of the proceedings was correctly raised on appeal to this Board The issue of the respondent's being an asylum applicant has been raised before the Board, and on appeal, a court of appeals should have jurisdiction to review such legal claims. *See Arango-Arandondo v. INS*, 13 F.3d 610, 614 (2d Cir. 1994) (referring to exhaustion requirements); *Mohammed v. Slattery*, 842 F.Supp 1553, 1557-58 (S.D.N.Y. 1994) (reviewing exceptions to exhaustion and remanding for asylum hearing after in absentia order); *see also Castillo-Villagra v. INS*, 972 F.2d 1017, 1024 (9th Cir. 1992) (finding that the petitioners did not bypass the Service, the Service bypassed them and stating that "exhaustion of administrative remedies by a motion to reopen may be required as a matter of prudence in order to develop a proper record, prevent deliberate bypass of the administrative scheme, and allow the agency to correct its own mistakes"); *Montes v. Thornburgh*, 919 F.2d 531, 537 (9th Cir. 1990).

tation hearings. This includes notification of the hearing date, time, and place. In *Matter of Huete*, 20 I&N Dec. 250, 253 (BIA 1991), we held that the respondent did not have a reasonable opportunity to be present where he was not properly served with the OSC. In *Matter of Grijalva*, 21 I&N Dec. 27 (BIA 1995), we held that effective notice was presumed by proper delivery, but could be overcome by an affirmative defense. An affirmative defense could include documentary evidence from the Postal Service, third party affidavits, or other similar evidence demonstrating that there was improper delivery or that nondelivery was not due to the respondent's failure to provide an address where he could receive mail. In this case, the respondent never received notice, not because of faulty mailing or mail delivery, but because he was not provided the explanation of the date and time to appear, as required by regulation, as well as by due process.

In *Fuentes-Argueta v. INS*, 101 F.3d 867 (2d Cir. 1996), the United States Court of Appeals for the Second Circuit, in which this case arises, recognized that effective notice was critical to a deportation hearing.

> In 1990, however, without repealing § 242(b), Congress amended the Act to add § 242B, a more stringent provision *requiring* (rather than merely permitting) the IJ to issue *in absentia* orders of deportation where the INS establishes deportability by "clear, unequivocal, and convincing evidence." 8 U.S.C. § 1252b(c)(1); *see Romero-Morales*, 25 F.3d at 128 Among the differences between § 242(b) and § 242B, the latter sets forth a stricter notice requirement *See United States v. Perez-Valdera*, 899 F.Supp. 181, 185 (S.D.N.Y. 1995) (observing that, because consequences of alien's failure to appear are more severe under § 242B, *notice requirements under that section were "strengthened"*).

*Id.* at 870 (second emphasis added).

These "strengthened" requirements must include the existing requirement that contents of the OSC should be explained to the respondent in a comprehensible language. That is the only fair and rational way to interpret and apply the notice requirements. *See also Romero Morales v. INS*, 25 F.3d 125, 129 (2d Cir. 1994) (holding that the Immigration Judge and the Board are required to "'consider the record as a whole [and] issue a reasoned opinion' when considering a motion" (quoting *Anderson v. McElroy*, 953 F.2d 803, 806 (2d Cir. 1992)).

The respondent was not provided adequate notice of his hearing. As I have noted, the lack of adequate notice is plain on the face of the record, in which the OSC states that it was not explained to him in English. Considering that he required notification in the *Maraka* language, which he best understood as a native and citizen of the Gambia, notice would have been inadequate even had it been provided in English. There is no evidence anywhere in this record that the respondent was notified in the language he best understood — his native language.

Not only is there no evidence that the respondent received any infor-

mation in compliance with 8 C.F.R. § 242.1 or with the principles and requirements of fairness, but the respondent did not receive any oral notice in his native language, "at the time of the notice described in subsection (a)(2)." Section 242B(e)(1) of the Act; *see also* 242(B)(e)(4)(B) of the Act. Such notice must be provided before the respondent is deemed to be barred from eligibility for certain forms of discretionary relief, should he fail to appear for his hearing. This includes suspension of deportation under section 244(a) of the Act, 8 U.S.C. § 1254(a) (1994), for which he seeks to apply based on over 10 years' presence in the United States, three United States citizen children, and other qualifying factors alleged in his motion. Moreover, the right to apply for asylum and withholding of deportation is never precluded. *See* section 242B(e)(4) of the Act.

Under these circumstances, I cannot agree that the respondent was properly notified of his hearing date or that his motion to reopen should be dismissed. Rather, I believe he has been denied the opportunity for a fair hearing. In addition, for the reasons stated in my opinion in *Matter of J-P*, 22 I&N Dec. 33 (BIA 1998), and in *Matter of B-A-S-*, 22 I&N Dec. 57 (BIA 1998), he has been erroneously denied the opportunity to present his persecution claim and to seek asylum or to apply for suspension of deportation before the Immigration Court, in violation of the plain language of section 242B the statute. Consequently, I dissent.