**XIN ZHANG, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 08–2349–ag.

United States Court of Appeals, Second Circuit.

Nov. 18, 2008.

Oleh R. Tustaniwsky, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Michelle Latour, Assistant Director, Hannah Baublitz, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. SONIA SOTOMAYOR, and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Petitioner Xin Zhang, a native and citizen of the People's Republic of China, seeks review of the April 11, 2008 order of the BIA denying his motion to reopen his removal proceedings. *In re Xin Zhang,* No. A73 671 684 (B.I.A. Apr. 11, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006). The BIA's regulations require an alien seeking to reopen proceedings to file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. *See* 8 C.F.R. § 1003.2(c)(2). There is no dispute that Zhang's December 2007 motion was untimely where the BIA issued a final order in May 1997. However, there is no time limit for filing a motion to reopen if it is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii).

Here, the BIA did not abuse its discretion in denying Zhang's motion to reopen as untimely because the BIA reasonably determined that Zhang failed to submit sufficient evidence of changed country conditions. *See* 8 C.F.R. § 1208.4(a)(4); *see also Kaur v. BIA,* 413 F.3d 232, 234 (2d Cir.2005). The BIA correctly noted that Zhang did not submit any objective documentary evidence in support of his motion. Rather, Zhang submitted only his own affidavit. In evaluating that document, the BIA properly observed that the IJ had previously made an adverse credibility finding against Zhang, and acted within its discretion in according his affidavit no evidentiary weight.[1] *See Qin Wen Zheng v. Gonzales,* 500 F.3d 143, 147 (2d Cir.2007) (under maxim of *falsus in uno, falsus in omnibus,* agency may reject unauthenticated or uncorroborated evidence submitted with a motion based on previous adverse credibility finding); *see also Kaur,* 413 F.3d at 234 (holding that the BIA does not abuse its discretion in denying a motion to reopen where the evidence submitted relates to the same claim the agency found not credible in the underlying proceeding).

Even without respect to his credibility, Zhang's affidavit is insufficient to meet his "heavy burden" in demonstrating his eligibility for relief. *See INS v. Abudu,* 485 U.S. 94, 110, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). His affidavit contains only conclusory statements, which fail to include any details regarding the interrogation of his family or any assertion that the authorities threatened him. Such conclusory statements, standing alone, are plainly insufficient to "establish that conditions have indeed changed critically" following his order of removal. *Qin Wen Zheng,* 500 F.3d at 148 n. 6.

---

1. While Zhang makes no such argument, we note that the BIA erred in finding that his sworn statement did not warrant evidentiary weight based on authority holding that counsel's unsworn assertions in briefs do not constitute evidence. See *INS v. Phinpathya,* 464 U.S. 183, 188–89 n. 6, 104 S.Ct. 584, 78 L.Ed.2d 401 (1984); *Matter of S–M–,* 22 I. & N. Dec. 49, 51 (B.I.A.1998); *Matter of Ramirez–Sanchez,* 17 I. & N. Dec. 503, 506 (B.I.A.1980). Nothing in the record convinces us, however, that the BIA ignored Zhang's affidavit; rather, the record reflects that the BIA found Zhang's statements entitled to little weight in light of the IJ's previous adverse credibility finding and the lack of corroborating documentary evidence. We therefore decline to remand on this ground. See *Xiao Ji Chen v. United States Dep't of Justice,* 471 F.3d 315, 339 (2d Cir.2006).

98

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. The pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).