SUMMARY ORDER

Petitioner Biping Zhou, a native and citizen of the People’s Republic of China, *86 seeks review of the October 27, 2008 order of the BIA denying his motion to reopen his deportation proceedings and to file a successive asylum application. In re Biping Zhou, No. A073 620 223 (B.I.A. Oct. 27, 2008). We assume the parties’ familiaiity with the underlying facts and procedural history of the case.
We review the BIA’s denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court’s admonition that such motions are “disfavored.” Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006) (citing INS v. Doherty, 502 U.S. 314, 322-23, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992)). The BIA’s regulations require an alien seeking to reopen proceedings to file a motion to reopen no later than 90 clays after the date on which the final administrative decision was rendered. See 8 C.F.R. § 1003.2(c)(2). There is no dispute that Zhou’s August 2008 motion was untimely where the BIA issued its final order in May 1997. However, the time limit for filing a motion to reopen does not apply to a motion “based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered,” if the movant provides evidence of such changed circumstances that “is material and was not available and could not have been discovered or presented at the previous hearing.” 8 C.F.R. § 1003.2(c)(3)(ii).
Here, the BIA did not abuse its discretion in denying Zhou’s motion to reopen as untimely because the BIA reasonably determined that he failed to submit sufficient evidence of changed country conditions. See 8 C.F.R. § 1208.4(a)(4)(B); see also Kaur v. BIA, 413 F.3d 232, 234 (2d Cir.2005) (per curiam). As an initial matter, Zhou fails to challenge in his brief to this Court the BIA’s finding that Zhou’s alleged participation in the China Democracy Party would constitute a change in personal circumstances and not country conditions. Therefore, we deem waived any such challenge. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).
Even if we were to reach the BIA’s finding, it did not err in finding that Zhou failed to provide sufficient evidence of changed country conditions. The BIA correctly noted that, while Zhou submitted his CDP membership card, media articles on a dissident’s criminal sentence, and an excerpt from the 2006 U.S. State Department Report on China, Zhou failed to submit any evidence establishing that he participated in political activities. Rather, the only description of such activities were included in Zhou’s motion to reopen, which was drafted by counsel and does not constitute evidence. See INS v. Phinpathya, 464 U.S. 183, 188-89 n. 6, 104 S.Ct. 584, 78 L.Ed.2d 401 (1984) (counsel’s unsworn assertions in briefs do not constitute evidence); see also Matter of S-M-, 22 I. & N. Dec. 49, 51 (B.I.A.1998); Matter of Ramirez-Sanchez, 17 I. & N. Dec. 503, 506 (B.I.A.1980). Moreover, his own affidavit contains only one conclusory statement — that his motion was “based on his political activities, which give rise to a changed circumstances in my political situation.” Zhou further contends that a paragraph in the 2006 U.S. State Department Report demonstrated changed country conditions. That paragraph stated that high profile arrests of dissidents had increased and that the Chinese government had tightened restrictions on the press. However, the BIA did not abuse its discretion in concluding that Zhou’s submissions were insufficient to meet his “heavy burden” in demonstrating his eligibility for relief. See INS v. Abudu, 485 U.S. 94, 110, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).
*87 For the foregoing reasons, the petition for review is DENIED.