OPINION OF THE COURT
PER CURIAM.
Alcibiades Rodriguez petitions for review of an order of the Board of Immigration Appeals (“BIA”) dismissing his appeal of an Immigration Judge’s decision to deny his motion to reopen his immigration proceedings. We will deny the petition for review.
Rodriguez, a native and citizen of Nicaragua, came to the United States in 1985 with his parents and siblings when he was nine years old. In 1987, Rodriguez’s mother filed an application for political asylum. In 1996, when Rodriguez was twenty years old, the Immigration and Naturalization Service issued an Order to Show Cause and Notice of Hearing charging that he was subject to deportation for entering the United States without inspection. Rodriguez failed to appear for a scheduled hearing and, on August 15,1996, Immigration Judge Nicole Kim ordered his deportation in absentia.
Over eleven years later, Rodriguez filed a counseled motion to reopen the immigration proceedings and rescind the order entered in absentia. Rodriguez claimed that he did not receive written or oral notice of the August 15, 1996, hearing and that the Immigration Court and the Immigration and Naturalization Service sent correspondence to either his former address or an incomplete address.
Immigration Judge Frederic Leeds (“IJ”) found that the Order to Show Cause was personally served on Rodriguez on April 2, 1996, as evidenced by his signa- *615 toe on the document, and that the document informed him that he must appear at a hearing on June 27, 1996. The IJ further found that, at the June 27, 1996, hearing, Immigration Judge Kim confirmed that Rodriguez received the Order to Show Cause, verified his name and address, and scheduled the August 15, 1996, hearing. The IJ concluded that Rodriguez’s affidavit in support of his motion to reopen conflicted with the evidence, which established that Rodriguez received the Order to Show Cause and appeared at the June 27, 1996, hearing. The IJ also stated that reopening was not warranted because Rodriguez failed to establish his prima fa-cie eligibility for cancellation of removal, the relief that he intended to seek should his proceedings be reopened.
The BIA dismissed Rodriguez’s appeal. The BIA rejected Rodriguez’s contention that the signature on the Order to Show Cause was not shown to belong to him. The BIA presumed that the Government properly performed its duties and did not forge or misrepresent Rodriguez’s signature and stated that Rodriguez did not provide any evidence indicating that the signature was not authentic. The BIA also rejected Rodriguez’s contention that the Order to Show Cause was defective because it was not read to him in Spanish. In addition, the BIA stated that the notice of the August 15, 1996, hearing reflected that it was personally served on Rodriguez and that he was orally informed of its contents. Finally, the BIA denied Rodriguez’s request to reopen the proceedings sua sponte, finding no exceptional circumstances and noting that Rodriguez did not use due diligence in seeking reopening. This petition for review followed.
We review the denial of a motion to reopen for abuse of discretion. Fadiga v. Attorney General, 488 F.3d 142, 153 (3d Cir.2007). Under this standard, we will uphold the BIA’s decision unless it is arbitrary, irrational, or contrary to law. Id.
Rodriguez argues in his brief that he did not sign the Order to Show Cause. As noted by the BIA, Rodriguez submitted no evidence showing that the signature on the Order to Show Cause is not his signature. Although Rodriguez asserts that his mother may have signed the Order to Show Cause, he did not submit a statement from his mother or any other evidence to this effect.
Rodriguez also argues that the signature on the Order to Show Cause is questionable because the documents submitted with his motion to reopen reflect that he spells his first name “Alciviades” and the Order to Show Cause spells his name “Alcibiades.” To the extent we have jurisdiction to entertain this argument,[1] the fact that the signature matches the spelling in the Order to Show Cause is insufficient to establish that Rodriguez did not sign the document. Rodriguez used the first name Alcibiades in his filings with the BIA. See A.R. at 47.
Rodriguez further argues that the administrative record does not establish that he appeared at the June 27, 1996, hearing and received notice of the August 15,1996, hearing. Although Rodriguez is correct that the record does not contain a transcript of the June 27, 1996, hearing, the record reflects that the Immigration Judge verified service of the Order to Show Cause on that date. A.R. at 111. In addition, the Immigration Judge signed a *616 notice on June 27, 1996, scheduling the August 15, 1996, hearing, which states:
This written notice was provided to the alien in English and in Spanish. Oral notice of the contents of this notice was given to the alien in his/her native language, or in a language he/she understands.
A.R. at 108. In light of these statements, we cannot conclude that the BIA abused its discretion in deciding that Rodriguez had notice of the August 15,1996, hearing. Other than Rodriguez’s own statement, the record contains no evidence to the contrary. We also agree with the Government that the fact that Rodriguez was not ordered deported in absentia on June 27, 1996, supports an inference that he was present on that date.[2]
Rodriguez also argues in the alternative that the BIA erred in failing to reopen the proceedings because the Order to Show Cause reflects that the officer did not read it to him in Spanish, as required by the regulations. In rejecting this argument, the BIA relied on In re S-M-, 22 I. & N. Dec. 49, 51 (BIA 1998), in which the BIA stated that the regulations require that the officer explain the contents of the Order to Show Cause, not that the officer read the entire document. Even if the Order to Show Cause was not explained to Rodriguez, he was not prejudiced by such a failure given the finding that he appeared at the June 27, 1996, hearing, where he was orally notified of the consequences of a failure to appear at the August 15, 1996, hearing. See In re Hernandez, 21 I. & N. Dec. 224, 227 (BIA 1996) (noting that the number of cases where prejudice results from a failure to explain the Order to Show Cause is limited).
Finally, as the Government correctly argues, we lack jurisdiction to review Rodriguez’s challenge to the BIA’s discretionary decision denying his request to sua sponte reopen his proceedings. Calle-Vujiles v. Ashcroft, 320 F.3d 472, 474-75 (3d Cir. 2003).
Accordingly, we will deny the petition for review.

. Rodriguez did not raise an argument in his appeal before the BIA based on the spelling of his name.

. Because the BIA did not abuse its discretion in concluding that Rodriguez received notice of the August 15, 1996, hearing at his initial hearing, it is unnecessary to address his arguments that the August 15, 1996, in absentia order and the June 27, 1996, hearing notice do not reflect his correct address. We note only that the June 27, 1996, hearing notice reflects the same address as the Order to Show Cause. Also, to the extent Rodriguez contends that he established "reasonable cause” for his failure to appear, the "reasonable cause” standard is inapplicable. See In re Cruz-Garcia, 22 I. & N. Dec. 1155, 1156 n. 1, 1159 (BIA 1999) ("reasonable cause” standard applied to notices of hearings prior to June 13, 1992, which were governed by section 242(b) of the Immigration and Nationality Act).