**Ana Augustina RODRIGUEZ–MARTINEZ, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES.**

**Nos. 09–4611, 10–3208.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) May 4, 2011.

Filed: May 4, 2011.

---

Maria I. Thomas, Esq., Thomas & Thomas, Princeton, NJ, for Petitioner.

Lindsay B. Glauner, Esq., Eric H. Holder, Jr., Esq., Thomas W. Hussey, Esq., Ann C. Varnon, Esq., United States Department of Justice, Washington, DC, for Respondent.

Before: SCIRICA, FISHER and ALDISERT, Circuit Judges.

## OPINION

PER CURIAM.

Ana Augustina Rodriguez–Martinez petitions for review of two Board of Immigration Appeals (BIA) decisions, one denying her motion to reopen and the other denying her motion for reconsideration. We consolidated and will now deny the petitions.

## I.

After entering the United States without inspection, Rodriguez–Martinez—a Spanish-speaking citizen of Guatemala—applied for asylum on September 20, 1995. Soon afterwards, on November 20, 1995, Rodriguez–Martinez was given an Order to Show Cause and Notice of Hearing (OSC) while at the Asylum Office in New Jersey. Certified Administrative Record for C.A. No. 10–3208. A.116. Written in English and Spanish, the OSC informed Rodriguez–Martinez of the removability charges against her, informed her of a hearing date (December 13, 1995), and contained, inter alia, a lengthy recitation of the consequences of failing to appear. The "Certificate of Translation and Oral Notice" indicated that the OSC was not read to Rodriguez–Martinez in Spanish. *See* A.138.

Rodriguez–Martinez did not appear at the hearing. In her absence, the Immigration Judge (IJ) determined that she had been "provided written notification of the time, date and location of the respondent's deportation hearing. [She] was also provided a written warning that failure to attend this hearing . . . would result in the issuance of an order of deportation in the respondent's absence provided that deportability was established." She was therefore ordered deported *in absentia.*

A.152. Despite this, Rodriguez–Martinez did not actually leave the United States; in her own words, she "continued [her] life" in the country, having two U.S. citizen children and taking no further action until 2009.[1] A.117.

In February 2009, Rodriguez–Martinez filed a "Motion to Reopen and Rescind *In Absentia* Deportation Proceedings," in which she argued that she "did not understand the meaning of the Order to Show Cause and Notice of Hearing personally served on her," as she could not read English and the Spanish was too technical. A.99. She requested that the immigration court exercise its discretion to reopen proceedings, grant *sua sponte* relief under 8 C.F.R. § 1003.2(c)(2), and/or reopen *nunc pro tunc,* but also complained that the service of the OSC (and the in absentia proceedings resulting therefrom) violated due process and applicable agency regulations. The IJ declined to reopen, observing that "[t]here is no requirement that an OSC be read to a person in their [*sic* ] native language. The OSC was personally served and contained the Dec. 13th hearing date. This court will not reopen *sua sponte,* as there are no exceptional faults in this case." A.93.

The BIA denied her appeal. It observed that, to the extent that Rodriguez–Martinez contended that the OSC should have been read to her in Spanish, her claim was meritless, as there was no statutory requirement to do so. A.33. Nor did the failure to read aloud the OSC violate applicable regulations, as "[t]he mere fact that, upon personal service, the entire OSC was not read to the respondent does not mean that it was not explained to [her] as required." A.33 (quoting *Matter of S–M–,* 22 I. & N. Dec. 49, 51 (BIA 1998)). It also

---

1. Rodriguez–Martinez claims to have been unaware of the deportation order, learning of it only after consultation with an attorney in 2009. *See* A.117. That issue is not before us.

declined to grant discretionary or *sua sponte* relief. A.34.

Rodriguez–Martinez filed a petition for review with this Court, but also moved the BIA to reconsider its decision. The BIA declined to do so, finding that she had "essentially reiterate[d] the arguments she raised on appeal ... [and has] presented no new arguments that convince us of an error, either of law or fact, in our decision." A.3. Rodriguez–Martinez filed an second petition for review from this decision.

## II.

We have jurisdiction under 8 U.S.C. § 1252(a), and "review the denial of a motion to reopen a removal order entered *in absentia* for abuse of discretion." *Cabrera–Perez v. Gonzales,* 456 F.3d 109, 115 (3d Cir.2006). Our review of denials of motions for reconsideration proceeds under the same standard. *Nocon v. INS,* 789 F.2d 1028 (3d Cir.1986). "Discretionary decisions of the BIA will not be disturbed unless they are found to be arbitrary, irrational or contrary to law.'" *Tipu v. INS,* 20 F.3d 580, 582 (3d Cir.1994) (citations omitted). Despite this deferential standard of review, we examine constitutional claims *de novo.* *McAllister v. Att'y Gen.,* 444 F.3d 178, 185 (3d Cir.2006). In this case, the BIA agreed with the IJ and added its own reasoning; hence, we will review the decisions of both the IJ and BIA. *See Sandie v. Att'y Gen.,* 562 F.3d 246, 250 (3d Cir.2009).

As Rodriguez–Martinez sought to reopen proceedings more than a decade after their conclusion, to succeed she must demonstrate that she did not receive proper notice as set forth by statute. *See* 8

U.S.C. § 1229a(b)(5)(C)(ii). We will apply the regulations and statutes that would have governed service and compliance therewith at the time the OSC was served. *Cf. Ecology Ctr., Inc. v. U.S. Forest Serv.,* 451 F.3d 1183, 1191–92 (10th Cir.2006); *Gatti v. Reliance Std. Life Ins. Co.,* 415 F.3d 978, 982 n. 1 (9th Cir.2005); *Saiyid v. INS,* 132 F.3d 1380, 1382 n. 1 (11th Cir. 1998) ("We cite to the most recent edition of the Code of Federal Regulations unless the cited regulation has changed since it was applied in this case. If the regulation has changed, we cite to the version of the Code in which the regulation as applied in this case appears."), *superseded on other grounds as stated by Najjar v. Ashcroft,* 257 F.3d 1262, 1278 (11th Cir.2001).

## III.

Rodriguez–Martinez raises a number of challenges to the agency's decisions, accusing the BIA of misapplying the law, abusing its discretion, failing to comply with its own regulations, and violating her right to due process of law.[2] Underpinning all of these arguments, however, is a conflict about notice: whether the OSC innately, or by its service, adequately conveyed notice of the impending hearing in accordance with then-applicable statutory mandates. *See* 8 U.S.C. § 1252b(c)(3)(B) (1995) (establishing that an *in absentia* deportation order can be rescinded after 180 days only if prevented by lack of notice or Federal or State custody).

We agree with the BIA that Rodriguez–Martinez has not shown the failure of compliance necessary for relief. Nowhere does the 1995 version of the relevant statute list oral explanation as a prerequisite for successful notice. *See generally* 8

---

**2.** However, she did not contest the BIA's denial of *sua sponte* relief. We would, regardless, be without jurisdiction to address that

decision. *See Calle–Vujiles v. Ashcroft,* 320 F.3d 472, 475 (3d Cir.2003).

U.S.C. § 1252b(a). As the OSC was in compliance with the statute, the BIA did not abuse its discretion in finding no notice defect.

■ Rodriguez–Martinez also argues that the service failed to satisfy the requirements of 8 C.F.R. § 242.1 (1995). That regulation read, in pertinent part:

> Service of the order to show cause may be accomplished either by personal service or by routine service; however, when routine service is used and the respondent does not appear for hearing or acknowledge in writing that he has received the order to show cause, it shall be reserved by personal service. *When personal delivery of an order to show cause is made by an immigration officer, the contents of the order to show cause shall be explained and the respondent shall be advised that any statement he makes may be used against him.* He shall also be advised of his right to representation by counsel of his own choice at no expense to the Government. He shall also be advised of the availability of free legal services programs qualified under part 292a of this chapter and organizations recognized pursuant to § 292.2 of this chapter, located in the district where his deportation hearing will be held.

§ 242.1(c) (1995) (emphasis added). Rodriguez–Martinez insists that the immigration authorities' failure to comply with this regulation deprived her of notice; and, moreover, that the BIA failed to follow its own precedent applying this regulation.

As the section in question does not define "explained," we turn to the most significant BIA decision interpreting the requirements of that provision, which was marshaled by the BIA's decision: *Matter of S–M–*, 22 I. & N. Dec. 49 (BIA 1998).[3] In *S–M–*, the petitioner asserted that an asylum officer failed to explain the contents of an OSC. The BIA observed that "the respondent has offered no evidence, beyond his own assertions, that the Service violated 8 C.F.R. § 242.1(c)," and held that "[t]he mere fact that, upon personal service, the entire Order to Show Cause was not read to the respondent does not mean that it was not explained to him as required." *Id.* at 51. While in this case, the petitioner *has* provided an affidavit, she (somewhat strikingly) never claims that the OSC was not explained to her; rather, she says that she found its contents to be complex and did not understand "its meaning" until recently. A.116–17. Without any additional material to distinguish this case from *S–M–*, we agree that it should control, and the BIA thus did not abuse its discretion in finding Rodriguez–Martinez's proffer to be insufficient to show violation of the regulation.[4]

■ We also do not find that the *in absentia* proceeding violated due process. It is settled that aliens facing removal are entitled to due process. *See e.g., Abdulai v. Ashcroft*, 239 F.3d 542, 549 (3d Cir. 2001). Constitutional notice must clarify charges and give a party an opportunity to marshal facts in her defense. *See Wolff v. McDonnell*, 418 U.S. 539, 564, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Notice must be reasonably calculated to reach interested parties, and an alien need not actually receive the notice for due process to be satisfied; a resulting *in absentia* order of removal is constitutionally valid so long as the basic requirements are met. *See Popa v. Holder*, 571 F.3d 890, 897–98 (9th Cir.

---

3. We assume the parties' familiarity with this decision and will not quote it at length.

4. We have reviewed the other BIA cases cited by Rodriguez–Martinez, and find none to compel a contrary result.

2009). Moreover, "due process allows notice of a hearing (and its attendant procedures and consequences) to be given solely in English to a non-English speaker if the notice would put a reasonable recipient on notice that further inquiry is required." *Nazarova v. INS,* 171 F.3d 478, 483 (7th Cir.1999). Rodriguez–Martinez has not argued that the OSC failed to provide her with the necessary information. And the warnings in English and Spanish—the petitioner's native language—were sufficient to meet due-process scrutiny. To the extent that Rodriguez–Martinez argues that the BIA, by "dismiss[ing] [her] appeal of the Immigration Judge's decision denying [her] motion to reopen, continu[ed] the violation of [her] Fifth Amendment Right to Due Process," Pet'r's Br. 20, we have already determined that the BIA's decision was not clearly in error, and there is thus no indication of a due-process violation.

■ Finally, Rodriguez–Martinez argues that her motion to reopen and rescind should be granted nunc pro tunc. While "an award of nunc pro tunc may, in an appropriate circumstance, be granted as a means of rectifying error in immigration proceedings," *Edwards v. INS,* 393 F.3d 299, 309 (2d Cir.2004), she has not shown an unjust deprivation of a "significant benefit," *id.* at 310, that would justify the granting of such extraordinary relief.

As we have identified no errors in the BIA's reasoning, it follows that the agency did not abuse its discretion in denying the petitioner's motion for reconsideration.

## IV.

For the foregoing reasons, we will deny the petitions for review.