**IMG-149**                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 10-1145 and 10-3593
_____

EDGAR VILLANUEVA,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent
_____

On Petitions for Review of Orders of the
Board of Immigration Appeals
(Agency No. A073- 639 -675)
Immigration Judge:  Honorable Eugene Pugliese
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 1, 2011

Before:  SCIRICA, FISHER and ALDISERT, Circuit Judges.

(Filed: June 1, 2011)
_____

OPINION
_____

PER CURIAM

        Edgar Villanueva, a native and citizen of Guatemala, petitions for review of an

order of the Board of Immigration Appeals ("BIA") dismissing his appeal of an order

denying his motion to reopen his immigration proceedings and an order denying his motion to reconsider the BIA's order. For the reasons that follow, we will deny the petitions for review.

Villanueva entered the United States in 1994 without inspection and filed an application for political asylum. On July 6, 1995, immigration officers interviewed Villanueva and he gave a sworn statement as to his citizenship and manner of entry into the United States. His asylum application was referred to an Immigration Judge ("IJ") for adjudication. On July 20, 1995, Villanueva was personally served an Order to Show Cause, charging that he was deportable from the United States because he entered the country without inspection. The Order to Show Cause directed Villanueva to appear for a hearing on October 12, 1995 in Newark, New Jersey. On August 1, 1995, the Newark Immigration Court notified Villanueva by certified mail that the hearing would be held at a different location.

On October 12, 1995, the IJ held the scheduled hearing and marked the Order to Show Cause, the hearing notice, and other documents as evidence. The hearing was not transcribed and it is unclear who was present. That same day, the Immigration Court sent Villanueva another hearing notice by certified mail, directing him to appear on November 30, 1995. Villanueva did not appear at the hearing and, as a result, the IJ ordered his deportation in absentia. The IJ's decision was mailed to Villanueva the next day.

More than twelve years later, in 2008, Villanueva filed a motion to reopen and rescind his deportation order. Villanueva asserted that the Order to Show Cause was not explained to him in Spanish. He claimed immigration officers violated the applicable regulations and his due process rights. Villanueva submitted an affidavit in support of his motion, stating that he did not understand the meaning of the Order to Show Cause and that he could not read the letters from the Immigration Court. Villanueva further stated that he only recently became aware of the deportation order, having never received a copy of the order when it was mailed.

The IJ denied the motion to reopen and rescind the deportation order, noting, among other things, that Villanueva had conceded in his affidavit that he was personally served the Order to Show Cause and that he had signed the certified mail receipt for his hearing notice. The BIA dismissed Villanueva's appeal, concluding that the evidence established that Villanueva was properly served the Order to Show Cause and was put on notice that he was being placed in deportation proceedings. The BIA noted that there is no requirement that the Order to Show Cause be read to Villanueva in his own language. The BIA rejected Villanueva's due process claim because Villanueva was apprised of the fact that he had been placed in deportation proceedings and was given an opportunity to be present at his hearings.[1] The BIA also denied Villanueva's subsequent motion for

---

[1] The BIA rejected other arguments raised by Villanueva, including arguments that he did not receive the deportation order and that sua sponte reopening was warranted. Villanueva does not pursue these arguments in his petitions for review.

3

reconsideration. Villanueva filed petitions for review of both decisions by the BIA, which have been consolidated for disposition.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a). We review the denial of a motion to reopen for abuse of discretion. Fadiga v. Att'y Gen., 488 F.3d 142, 153 (3d Cir. 2007). Under this standard, we will uphold the BIA's decision unless it is arbitrary, irrational, or contrary to law. Id. We apply the same standard to a denial of a motion to reconsider. Borges v. Gonzales, 402 F.3d 398, 404 (3d Cir. 2005). We review Villanueva's underlying due process claim de novo. Fadiga, 488 F.3d at 153.

Because Villanueva's deportation proceedings were initiated before April 1, 1997, the effective date of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, the former notice requirements of 8 U.S.C. § 1252b apply. Under the former statute, an alien who did not attend a deportation proceeding after having received written notice of the proceeding was ordered deported in absentia if the Government established by clear and convincing evidence that notice was provided and the alien was deportable. 8 U.S.C. § 1252b(c)(1)(1995) (repealed). Such a deportation order may be rescinded at any time if the alien shows that he did not receive notice in accordance with § 1252b(a)(2). Id. § 1252b(c)(3) (repealed). Section 1252b(a)(2) required written notice in person, or by certified mail if personal service was not practicable, in the order to show cause of the time and place of the proceedings and the consequences of a failure to appear. Id. § 1252b(a)(2) (repealed). Such notice was also required in the case of any change in the time and place of the proceedings. Id.

4

Villanueva does not argue in his brief that immigration officers failed to comply with § 1252b(a)(2), but contends that they violated 8 C.F.R. § 242.1(c), which required an immigration officer to explain the contents of the Order to Show Cause when it was personally served. In rejecting this argument, the BIA noted that the regulations do not require that the Order to Show Cause be read to the alien in his native language, that there is no statutory requirement that the Order to Show Cause be explained or read to the alien in his own language, and that the evidence established Villanueva was properly served with the Order to Show Cause and was put on notice that he was being placed in deportation proceedings.

Villanueva has not shown that the BIA's decision is arbitrary, irrational, or contrary to law. The Order to Show Cause reflects that it was not read to Villanueva in Spanish, but as the BIA has stated, the regulations did not require an officer to read the entire document. In re S-M-, 22 I. & N. Dec. 49, 51 n.1 (BIA 1998). Although the regulations required that the Order to Show Cause be explained when it was personally served, as noted by the Government, there is no evidence establishing that immigration officers did not explain the Order to Show Cause. Villanueva only states in his affidavit that the "order might have been written in Greek because I could not understand its meaning, and only recently understood it after my attorney explained it to me." A.R. at 124. Villanueva relies in his brief on In re Hernandez, 21 I. & N. Dec. 224 (BIA 1996), but in that case, unlike here, it was established that immigration officers violated

5

§ 242.1(c), and the BIA considered whether the alien established the requisite prejudice resulting from the violation.

The BIA also did not err in rejecting Villanueva's argument that his due process rights were violated. The BIA found that Villanueva was clearly apprised of the fact that he had been placed in deportation proceedings and was given an opportunity to be present at his scheduled hearings. We agree. The Order to Show Cause states in English and Spanish "**YOU ARE ORDERED** to appear for a hearing before an Immigration Judge . . . and show cause why you should not be deported . . . ." A.R. at 177. The Order further provides, "**You are required to be present at your deportation hearing prepared to proceed.** If you fail to appear at any hearing after having been given written notice of the date, time and location of your hearing, you will be ordered deported **in your absence**, if it is established that you are deportable and you have been provided the appropriate notice of the hearing." A.R. at 181. The Order also sets forth the place, time, and date of the hearing. Although Villanueva states he did not understand the Order to Show Cause, the directive to appear for a hearing is clear. Moreover, on July 6, 1995, just two weeks before receiving the Order to Show Cause, Villanueva was interviewed at the Lyndhurst, New Jersey Asylum Office, where he had an interpreter and gave a sworn statement regarding his entry into the United States. He also had a

6

pending asylum application when he received the Order to Show Cause. Villanueva has not shown a due process violation.[2]

Villanueva also asserts that his motion to reopen and rescind should be granted nunc pro tunc. While such relief may be granted to rectify an error in an immigration proceeding, Edwards v. I.N.S., 393 F.3d 299, 309 (2d Cir. 2004), Villanueva has not shown that relief is warranted here. Finally, we find no abuse of discretion in the denial of Villanueva's motion to reconsider, in which he primarily reiterated the arguments he raised on appeal to the BIA.

Accordingly, we will deny the petitions for review.

---

[2] Villanueva does not contend in his brief that his due process or statutory rights were violated because the notice of the change in hearing location and the notice of the November 30, 1995, hearing were not provided in Spanish.