Ng v. Holder

BIA
Lamb, IJ
A088 440 430

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of January, two thousand fifteen.

PRESENT:
        JOSÉ A. CABRANES,
        RICHARD C. WESLEY,
        CHRISTOPHER F. DRONEY,
           *Circuit Judges.*

_____

SAU LAN NG,
        *Petitioner,*

        v.                  13-3016
                          NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:      Chunyu Jean Wang, Flushing, New York.

FOR RESPONDENT:      Stuart F. Delery, Assistant Attorney General; Stephen J. Flynn, Assistant Director; Karen Stewart, Attorney,

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Sau Lan Ng, a native and citizen of China, seeks review of a July 24, 2013, decision of the BIA affirming the April 2, 2012, decision of an Immigration Judge ("IJ"), denying her motion to rescind her in absentia removal order. *In re Sau Lan Ng*, No. A088 440 430 (B.I.A. July 24, 2013), *aff'g* No. A088 440 430 (Immig. Ct. N.Y. City Apr. 2, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's and BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the denial of a motion to rescind an in absentia removal order for abuse of discretion. *Alrefae v. Chertoff*, 471 F.3d 353, 357 (2d Cir. 2006).

An in absentia removal order may be rescinded upon a motion to reopen filed within 180 days after the date of the

2

removal order if the alien demonstrates that his failure to appear was due to "exceptional circumstances." 8 U.S.C. § 1229a(b)(5)(C)(i). "Exceptional circumstances are defined as 'circumstances (such as battery or extreme cruelty to the alien or any child or parent of the alien, serious illness of the alien, or serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances) beyond the control of the alien.'" *Alrefae*, 471 F.3d at 358 (quoting 8 U.S.C. § 1229a(e)(1)). The agency did not abuse its discretion in determining that Ng failed to demonstrate such circumstances.

Ng does not dispute that she received oral and written notice of the February 2, 2012, hearing. As the agency concluded, her misreading of that notice did not constitute exceptional circumstances beyond her control. *See In re S-M-*, 22 I. & N. Dec. 49, 51 (BIA 1998); *see also* 8 U.S.C. § 1229a(e)(1). The record does not support her contention that the agency failed to consider the totality of the circumstances. She does not point to any evidence that the agency failed to consider that would have supported a finding that her failure to appear was beyond her control.

3

Ng failed to exhaust before the BIA her argument that the IJ erred in finding that she had conceded removability. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 n.1, 122 (2d Cir. 2007). Nevertheless, we note that she stated under oath that she entered the United States without inspection or admission as charged in her Notice to Appear. We do not consider her argument that she should have been granted a continuance because she did not raise that argument before the IJ, and the BIA declined to address it on appeal. *See Lin Zhong*, 480 F.3d at 122.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4